```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 ROSEANN LOVE,

                 Plaintiff,              MEMORANDUM & ORDER
                                          20-CV-1250(EK)

          -against-

 KILOLO KIJAKAZI, ACTING COMMISSIONER
 OF SOCIAL SECURITY,

                 Defendant.
-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

  Plaintiff Roseann Love seeks judicial review of the Commissioner of the Social Security Administration's decision to deny her claims for disability insurance benefits. Before the Court are the parties' cross-motions for judgment on the pleadings. For the following reasons, I grant the Commissioner's motion and deny Plaintiff's cross-motion.

## I. Background

**A. Procedural Background**

  Plaintiff applied for disability benefits on February 8, 2017, alleging that she had been disabled since December 1, 2014. The agency initially denied her claim. Plaintiff requested a hearing and appeared before an administrative law judge ("ALJ") in November 2018. The ALJ concluded that Plaintiff was not disabled and therefore not entitled to

disability insurance benefits or supplemental security income. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, rendering it final. This appeal followed.

**B.   The ALJ's Disability Evaluation**

Under the Social Security Act, "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration's regulations require ALJs to follow a five-step sequence in evaluating disability claims.

First, the ALJ determines whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). If not, the ALJ evaluates (at step two) whether the claimant has a "severe impairment" — that is, an impairment or combination of impairments that "significantly limits" the claimant's "physical or mental ability to do basic work activities." *Id.* § 404.1520(c). If the ALJ identifies a severe impairment, he must determine whether it meets or equals one of the impairments listed in Appendix 1 of the regulations (the "Listed Impairments"). *Id.* § 404.1520(d); 20 C.F.R. Part 404, Subpart P, Appendix 1. If so, the ALJ will deem the applicant disabled. 20 C.F.R. § 404.1520(a)(4)(iii).

Here, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of her disability, and had the following severe impairments: asthma, herniated disc of the lumbar spine with radiculopathy and neuropathy, and internal derangement of the right knee. Administrative Transcript ("Tr.") 17, ECF No. 11. The ALJ determined that none of these impairments rose to the level of a "Listed Impairment." *Id.* at 18.

At step four, the ALJ must determine a claimant's residual functional capacity ("RFC"), which is the most a claimant can do in a work setting notwithstanding her limitations. 20 C.F.R. § 404.1545(a)(1). The ALJ concluded in this case that Plaintiff had the residual capacity to perform "light work" with no exposure to respiratory irritants and no more than frequent climbing of ramps and stairs.

The ALJ then considered whether, in light of the RFC determination, the Plaintiff could perform "past relevant work." 20 C.F.R. § 404.1520(f). He found that Plaintiff could not perform her past work as a personal care assistant. At step five, the ALJ evaluated whether the Plaintiff could perform jobs existing in significant numbers in the national economy. *Id.* § 404.1520(g). The ALJ determined that she could perform such jobs, including as a "marker," produce weigher, and lens

3

matcher. Tr. 24. Given that conclusion, the ALJ held that Plaintiff was not disabled.

## II. Standard of Review

A district court has jurisdiction to review the final judgment of the Commissioner denying an application for Social Security disability benefits. 42 U.S.C. § 405(g). The review is limited to two questions: whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (internal quotations omitted). "[I]f supported by substantial evidence," the Commissioner's factual findings "shall be conclusive." 42 U.S.C. § 405(g).

## III. Discussion

Plaintiff asserts three grounds on appeal: first, that the ALJ's RFC determination failed to account for the functional limitations resulting from her back impairment and obesity; second, that there was otherwise insufficient evidence supportive of the baseline RFC for "light work"; and third, that the ALJ erred by not considering the possibility of a "closed period" of disability (*i.e.*, a period of disability that both

4

started and stopped prior to the ALJ's decision). Each of these claims is without merit.

**A.    Back Impairment and Obesity**

Plaintiff argues that the ALJ failed to properly account for and evaluate all of her functional limitations resulting from her herniated lumbar disc and the accompanying pain, as well as the effect of her obesity on her musculo-skeletal impairments.

1.    Herniated Disc

Plaintiff argues the ALJ inadequately explained his decision that her RFC allowed for light work, in light of the severity of her herniated lumbar disc. In support, she contends that the ALJ improperly discounted her testimony regarding her herniated disc and the accompanying pain, instead defaulting to "boilerplate" language. Moreover, she argues that the ALJ relied on "marginally relevant" or inconclusive evidence to support his ultimate conclusion with regard to her spine. Pl. Mem. in Supp. of Mot. for J. on the Pleadings at 13, ECF No. 13.

The ALJ addressed Plaintiff's herniated disc and its attendant symptoms at multiple points in his decision. He found it to be a "severe" impairment at step two of his analysis, and acknowledged that it limited her ability to work. Tr. 17. At step three, he considered the herniated disc again, but concluded that it did not meet or equal any listed impairment in

5

severity, 20 C.F.R. § 404.1520(a)(4)(iii), because it was not accompanied by, among other things, compromise of a nerve root compression, motion limitations, motor loss, or reflex loss. Tr. 18.[1]

Nor did the ALJ ignore Plaintiff's subjective complaints. His opinion referenced them throughout, relying on objective medical evidence. He noted various inconsistencies between and among Plaintiff's testimony, her daily activities, and the physicians' treatment records, in *partially* discrediting her complaints. *See Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) ("[T]he ALJ . . . is not required to accept the claimant's subjective complaints without question; he may exercise discretion in weighing the credibility of the claimant's testimony in light of the other evidence in the record.").

Specifically, the ALJ considered Plaintiff's allegations of significant pain, which she claimed prevented her from standing for more than five minutes. Tr. 19-20. He acknowledged Plaintiff's complaints of right leg pain and swelling with difficult ambulating, and moderately severe lower

---

[1] In order to be considered severe, Listing 1.04(A) requires — in addition to a spinal disorder such as a herniated disc, arthritis, degenerative disc disease, or a vertebral fracture — "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)."

6

back pain radiating into her right leg and foot with numbness and weakness. *Id.* He discussed imaging showing various impairments. *Id.*

Nevertheless, the ALJ determined that Plaintiff's statements concerning her symptoms were not entirely consistent with other evidence in the record. *Id.* at 19. For example, while Plaintiff testified that she needed to sit after standing for five minutes and sometimes needed a cane, the ALJ noted that Plaintiff had a normal gait and used no assistive device in April 2017, according to her medical records. *Id.* at 20, 38-41, 453-55. While various physical examinations showed decreased lumbar ranges of motion, the ALJ noted that Plaintiff generally demonstrated full motor strength, intact sensation, and no pain with straight leg raises. *Id.* at 20-21, 251, 282, 347-48, 356, 360, 454-55. The ALJ also considered Plaintiff's daily activities — including, among other things, that she was able to cook, do laundry, go shopping, and take public transportation. *Id.* at 21-22, 38, 454. This, he stated, was evidence that Plaintiff's condition was not as severe as she alleged it to be. *See Poupore v. Astrue*, 566 F.3d 303, 307 (2d Cir. 2009) (claimant's daily activities undermined disability allegations).

The ALJ also engaged with the various medical examiners' opinions who examined Plaintiff's back and determined that she was nevertheless capable of performing work with some

7

limitations. Tr. 18-22. Plaintiff suggests that some or all of these medical determinations are only marginally relevant or inconclusive, but provides no support for that conclusion.

Although the ALJ did not specifically mention Plaintiff's back impairment in his summation, his opinion — as a whole — clearly demonstrates that he considered Plaintiff's back impairment in assessing her RFC. *See Berry v. Schweiker*, 675 F.2d 464, 468 (2d Cir. 1982) ("[T]he absence of an express rationale does not prevent us from upholding the ALJ's determination regarding appellant's claimed listed impairments, since portions of the ALJ's decision and the evidence before him indicate that his conclusion was supported by substantial evidence."); *Nocera v. Saul*, No. 18-CV-5080, 2019 WL 3282942, at *8 (S.D.N.Y. July 22, 2019).[2]

---

[2] Plaintiff's argument that the ALJ erred by failing to consider her efforts to obtain relief of pain and other symptoms is also unpersuasive. SSR 16-3p recognizes that "[p]ersistent attempts to obtain relief of symptoms, such as . . . trying a variety of treatments, referrals to specialists, or changing treatment sources may be an indication that an individual's symptoms are a source of distress and may show that they are intense and persistent." 2017 WL 5180304, at *9. As discussed above, however, the ALJ properly determined that Plaintiff's "subjective statements were not entirely consistent with the record." *Wynter v. Berryhill*, No. 19-CV-5592, 2020 WL 5604821, at *17 (S.D.N.Y. Aug. 27, 2020), *report and recommendation adopted*, No. 19-CV-5592, 2020 WL 5604049 (S.D.N.Y. Sept. 18, 2020). Further, the ALJ considered Plaintiff's course of treatment consistent with regulations, including pain medication, physical therapy, and knee surgery. Tr. 19-22. He ultimately concluded that her treatment did not support an inability to sustain regular and continuous work with the limitations included in the RFC. *Id.* at 22.

2. <u>Obesity</u>

Plaintiff also states that the ALJ did not adequately consider the impact of obesity on her RFC beyond the determination that it was not "severe."

The ALJ's decision demonstrates that he considered Plaintiff's obesity. Tr. 18. He determined that no medical source had limited Plaintiff and the record did not substantiate that Plaintiff had any functional limitations related to her obesity. *Id.* Additionally, the ALJ considered the opinions of internist Dr. Lyudmila Trimba and the Worker's Compensation doctors, who noted Plaintiff's weight, but determined that she was nevertheless capable of performing a range of work consistent with her RFC. *Id.* at 21-22, 80, 348, 357, 361, 454, 456; *see Drake v. Astrue*, 443 F. App'x 653, 657 (2d Cir. 2011) ("[W]e agree with the District Court that the ALJ implicitly factored Drake's obesity into his RFC determination by relying on medical reports that repeatedly noted Drake's obesity and provided an overall assessment of her work-related limitations."); *Negron v. Colvin,* No. 15-CV-2515, 2017 WL 1194470, at *5 (E.D.N.Y. Mar. 31, 2017), *aff'd sub nom. Negron v. Berryhill*, 733 F. App'x 1 (2d Cir. 2018) ("[O]besity is not in and of itself a disability, and an ALJ's failure to explicitly address a claimant's obesity does not warrant remand.").

9

Although the ALJ did not include a second discussion of obesity in his RFC analysis, the ALJ considered Plaintiff's obesity in his ultimate determination, which suffices. *See Salmini v. Comm'r of Soc. Sec.*, 371 F. App'x 109, 112-13 (2d Cir. 2010) (courts may look to the ALJ's discussion at other steps to determine whether substantial evidence supports the decision).

**B.     RFC Determination**

Plaintiff next argues that the RFC lacked support because, if the herniated disc and obesity limitations had been properly included, the RFC for light work would no longer be appropriate.

As noted above, the ALJ did not err in his assessment of Plaintiff's herniated disc and obesity. Moreover, the ALJ thoroughly discussed the evidence supporting his light-work RFC assessment. For example, the ALJ gave the opinion of Dr. Trimba (a consultative examiner) "significant weight." Tr. 21. Trimba opined that Plaintiff had mild limitations in her ability to sit and stand and moderate limitations in her ability to climb steps; push, pull, and carry heavy objects; and stand and walk for a prolonged time. *Id.* The ALJ concluded that Dr. Trimba's opinion was consistent with the record as a whole and supported by a detailed report containing clinical findings, *id.*, as well as the opinions of the Worker's Compensation examiners. *Id.* at

10

22. Various courts have concluded that a determination of moderate or mild limitations supports a light RFC. *See, e.g., White v. Berryhill,* 753 F. App'x 80, 82 (2d Cir. 2019) (upholding ALJ's inference that plaintiff could perform light work "on a full-time sustained basis" despite doctor's opinion that claimant had "moderate" limitations in standing, sitting, and performing other activities); *Gerry v. Berryhill*, No. 17-CV-7371, 2019 WL 955157, at *3 (E.D.N.Y. Feb. 26, 2019) (compiling cases). Accordingly, Plaintiff has not shown an error in the ALJ's RFC determination.

C. **Closed Period of Disability**

Finally, Plaintiff argues that the ALJ neglected to consider the possibility of a "closed period" of disability. "A closed period of disability refers to when a claimant is found to be disabled for a finite period of time which started and stopped prior to the date of the administrative decision granting disability status." *Pettaway v. Colvin*, No. 12-CV-2914, 2014 WL 2526617, at *13 (E.D.N.Y. June 4, 2014). When deciding a disability claim, "[i]f a claimant is disabled at any point in time, the ALJ should consider not only whether Plaintiff was disabled at the time of the hearing, but also whether Plaintiff was entitled to disability benefits for any closed, continuous period . . . following the date of his

11

claim." *Williams v. Colvin*, No. 15-CV-144, 2016 WL 3085426, at *4 (W.D.N.Y. June 2, 2016).

The ALJ observed that Plaintiff returned to full-time work at substantial gainful activity levels in October 2018. *E.g.*, Tr. 22. He considered evidence throughout the relevant period that supported the RFC determination, including treatment notes spanning the period between Plaintiff's alleged onset date of December 1, 2014 and her return to full-time work in October 2018. *Id.* at 19-22; *see Freddie R. v. Saul*, No. 18-CV-907, 2019 WL 4736464, at *6 (N.D.N.Y. Sept. 27, 2019) (Hummel, M.J.). He therefore did not err with respect to a possible closed period of disability.

## IV. Conclusion

For the reasons set forth above, the Court grants the Commissioner's motion for judgment on the pleadings and denies the Plaintiff's cross-motion. The Clerk of Court is respectfully requested to enter judgment and close this case.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:   December 10, 2021
         Brooklyn, New York

12